## BETLYN SECURITIES CORPORATION v. BATES.

(Division A.   Nov. 2, 1936.)

[170 So. 301.   No. 32373.]

**Stevens & Currie**, of Hattiesburg, and **W. C. Batson**, of Wiggins, for appellant.

**U. B. Parker**, of Wiggins, for appellee.

**McGowen, J.,** delivered the opinion of the court.

The appellant, Betlyn Securities Corporation, sued the appellee, S. L. Bates, in an action at law, on nine trade acceptances executed by Bates for fifty dollars each, dated August 5, 1930; delivered by him to the Associated Manufacturers Co., Inc., of Oklahoma City, Okla., and by it regularly indorsed. From a judgment in favor of the appellee, this appeal is prosecuted.

The appellee, Bates, filed several pleas. The circuit judge heard the case without the intervention of a jury. The two pleas relied upon by the appellee were, first, that the payee in the acceptances, the Associated Manufacturers Co., Inc., at the date of the acceptances, did not exist, and was not a natural or an artificial person, and, second, that said payee corporation had no authority, under its charter, to make the sales advertising contract with Bates on the date the acceptances were issued, and that such contract was ultra vires.

On behalf of the appellant, the nine acceptances for fifty dollars each were offered in evidence, and, thereupon, the manager and official of the appellant corpora-

tion testified that on or about August 11, 1930, he purchased ten acceptances for fifty dollars each, for a cash consideration of four hundred forty dollars, before their due dates, and that he had no notice of any infirmities or defects in the instruments. That Bates paid the first one, but declined to pay the other nine upon which this suit is based.

Appellee offered in evidence certified copies of the charter of the corporation, the Texhoma Sales Company, and also its amended charter by which the Texhoma Sales Company changed its name to the "Associated Manufacturers Co., Inc.," which amendment appears to have been executed by the stockholders in June, 1930, but was not filed with the secretary of state of Oklahoma until August 9, 1930, four days after the execution of the acceptances by Bates in favor of the Associated Manufacturers Co., Inc. Bates was offered as a witness, and a copy of the sales contract executed by the Associated Manufacturers Co., Inc., was also offered in evidence. The substance of the contract was that Bates was to pay said corporation five hundred dollars; that the corporation sold Bates vouchers at two cents each to be used by him as a merchant for delivery to his customers to stimulate trade, and upon the acquisition, by any customer, of a certain number, such customer would be awarded a prize to be supplied by the corporation. At first, this corporation shipped these prizes, but later did not ship any to Bates, or his customers, and his contention is that the contract was breached.

All the evidence offered on behalf of the appellee was objected to by the appellant on the ground that the acceptances were negotiable instruments in the hands of innocent purchasers for value, without notice of any infirmity or defect.

The acceptances were all of like tenor, save as to their due dates, and were, really, drafts drawn by the Associated Manufacturers Co., Inc., on Bates and accepted by him.

Clearly, the instruments were negotiable, under the Negotiable Instruments Law, section 2657, Code of 1930. It is equally certain that the appellant, Betlyn Securities Company, is a holder, in due course, for value, without notice of any infirmities or defects, unless it be said that the alleged defect in the date of filing the amended charter in the state of Oklahoma was notice to it.

There are two sections of the Negotiable Instruments Law which, in our judgment, effectually dispose of the defense that on the date the acceptances were executed by Bates there was no corporation. Section 2665, Code 1930, provides that when the instrument is payable to a fictitious or nonexisting person, and such fact was known to the person making it so payable, the instrument is payable to bearer. Section 2714, Code 1930, provides that the maker of a negotiable instrument, by making it, engages that he will pay it according to its tenor, and admits the existence of the payee and his then capacity to indorse. This section intended to, and does, cut off the contention that the payee of the acceptances in the case at bar did not exist, that it was no corporation. By executing the acceptances, the appellee, Bates, admitted the existence of the payee, and its capacity to indorse the paper.

In the light of these sections, and the construction placed thereon in the case of Despres, Bridge & Noel v. Hough Drug Co., 123 Miss. 598, 86 So. 359, wherein it was held that the latter section cut off the defense that the corporation had no right to do business in the state of Mississippi, for the reason that it had not, at the time of the execution of the notes sued on, qualified to do business in Mississippi, we think the appellant was a holder, for value, without notice, of the acceptances. It would not seem to be necessary to cite any authorities except the statute itself.

In the case at bar, where negotiable instruments were executed in favor of a corporation after it had resolved to change its name, but before it had filed its amended

charter, the corporation might be held to be an artificial corporation, but it is not necessary for us to examine the Oklahoma statutes and decisions of its courts relative thereto, since the Negotiable Instruments Law cuts off the defense here interposed as to the nonexistence of the corporation. The authorities cited by the appellee are not in point on the question presented.

There is no merit in the second contention that the contract entered into by the Associated Manufacturers Co., Inc., was ultra vires, because its charter did not permit it to do the business it sought here to do. The charter plainly authorizes that corporation to buy and sell personal property, and the contract was based primarily upon the sale of the above-mentioned vouchers at two cents apiece. It could hardly be said that the sale of these articles was not the sale of personal property.

We think the court below was in error. No valid defense was there interposed, and the appellant was entitled to recover upon the acceptance, with interest and ten per cent attorneys' fees.

Reversed, and judgment for appellant.